Cynthia Z. Levin, Esq. (SBN 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumers.com
Attorney for Plaintiff

18    1094

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCAVO, individually and
on behalf of all others similarly situated,

Plaintiff,

vs.

ATLANTIC RECOVERY
SOLUTIONS, LLC; DOES 1-10,
inclusive,

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]
2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]

**DEMAND FOR JURY TRIAL**

Plaintiff MICHAEL SCAVO ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable

1 remedies resulting from the illegal actions of ATLANTIC RECOVERY
2 SOLUTIONS, LLC ("Defendant") in negligently, knowingly, and/or willfully
3 contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone
4 Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading
5 Plaintiff's privacy.

6 **JURISDICTION & VENUE**

7 2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff,
8 a resident of Pennsylvania, seeks relief on behalf of a Class, which will result in at
9 least one class member belonging to a different state than that of Defendant, a
10 company with its principal place of business and State of Incorporation in New
11 York state. Plaintiff also seeks up to $1,500.00 in damages for each call in violation
12 of the TCPA, which, when aggregated among a proposed class in the thousands,
13 exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both
14 diversity jurisdiction and the damages threshold under the Class Action Fairness
15 Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

16 3. Venue is proper in the United States District Court for the Eastern
17 District of Pennsylvania pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)*
18 because Defendant does business within the state of Pennsylvania and Plaintiff
19 resides within this District.

20 **PARTIES**

21 4. Plaintiff, MICHAEL SCAVO ("Plaintiff"), is a natural person
22 residing in Ridley Park, Pennsylvania and is a "person" as defined by *47 U.S.C. §*
23 *153 (39)*.

24 5. Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC
25 ("Defendant"), is a company involved in consumer debt buying and
26 recovery/collection and is a "person" as defined by *47 U.S.C. § 153 (39)*.

27 **FACTUAL ALLEGATIONS**

28 6. Beginning in and around November of 2017, Defendant contacted

Plaintiff on his cellular telephone, ending in -8055, in an attempt to collect an alleged outstanding debt.

7. Defendant often left voicemail messages on Plaintiff's cellular telephone if Plaintiff did not answer Defendant's calls. In these messages, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

8. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed

9. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

11. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant called Plaintiff from the telephone number (484) 679-4220 on November 2, 2017; November 22, 2017; December 8, 2017; and on December 28, 2017.

## CLASS ALLEGATIONS

14. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously

1    consented to receiving such calls within the four years
2    prior to the filing of this Complaint

3        15.    Plaintiff represents, and is a member of, The Class, consisting of All
4    persons within the United States who received any collection telephone calls from
5    Defendant to said person's cellular telephone made through the use of any
6    automatic telephone dialing system or an artificial or prerecorded voice and such
7    person had not previously not provided their cellular telephone number to
8    Defendant within the four years prior to the filing of this Complaint.

9        16.    Defendant, its employees and agents are excluded from The Class.
10   Plaintiff does not know the number of members in The Class, but believes the Class
11   members number in the thousands, if not more.   Thus, this matter should be
12   certified as a Class Action to assist in the expeditious litigation of the matter.

13       17.    The Class is so numerous that the individual joinder of all of its
14   members is impractical.   While the exact number and identities of The Class
15   members are unknown to Plaintiff at this time and can only be ascertained through
16   appropriate discovery, Plaintiff is informed and believes and thereon alleges that
17   The Class includes thousands of members.   Plaintiff alleges that The Class
18   members may be ascertained by the records maintained by Defendant.

19       18.    Plaintiff and members of The Class were harmed by the acts of
20   Defendant in at least the following ways: Defendant illegally contacted Plaintiff
21   and Class members via their cellular telephones thereby causing Plaintiff and Class
22   members to incur certain charges or reduced telephone time for which Plaintiff and
23   Class members had previously paid by having to retrieve or administer messages
24   left by Defendant during those illegal calls, and invading the privacy of said
25   Plaintiff and Class members.

26       19.    Common questions of fact and law exist as to all members of The
27   Class which predominate over any questions affecting only individual members of
28   The Class.   These common legal and factual questions, which do not vary between

1  Class members, and which may be determined without reference to the individual
2  circumstances of any Class members, include, but are not limited to, the following:

3         a.    Whether, within the four years prior to the filing of this
4               Complaint, Defendant made any collection call (other than a
5               call made for emergency purposes or made with the prior
6               express consent of the called party) to a Class member using
7               any automatic telephone dialing system or any artificial or
8               prerecorded voice to any telephone number assigned to a
9               cellular telephone service;

10         b.    Whether Plaintiff and the Class members were damages
11               thereby, and the extent of damages for such violation; and

12         c.    Whether Defendant should be enjoined from engaging in such
13               conduct in the future.

14      20.    As a person that received numerous collection calls from Defendant
15  using an automatic telephone dialing system or an artificial or prerecorded voice,
16  without Plaintiff's prior express consent, Plaintiff is asserting claims that are
17  typical of The Class.

18      21.    Plaintiff will fairly and adequately protect the interests of the members
19  of The Class. Plaintiff has retained attorneys experienced in the prosecution of
20  class actions.

21      22.    A class action is superior to other available methods of fair and
22  efficient adjudication of this controversy, since individual litigation of the claims
23  of all Class members is impracticable. Even if every Class member could afford
24  individual litigation, the court system could not. It would be unduly burdensome
25  to the courts in which individual litigation of numerous issues would proceed.
26  Individualized litigation would also present the potential for varying, inconsistent,
27  or contradictory judgments and would magnify the delay and expense to all parties
28  and to the court system resulting from multiple trials of the same complex factual

1  issues.  By contrast, the conduct of this action as a class action presents fewer
2  management difficulties, conserves the resources of the parties and of the court
3  system, and protects the rights of each Class member.

4      23.  The prosecution of separate actions by individual Class members
5  would create a risk of adjudications with respect to them that would, as a practical
6  matter, be dispositive of the interests of the other Class members not parties to such
7  adjudications or that would substantially impair or impede the ability of such non-
8  party Class members to protect their interests.

9      24.  Defendant has acted or refused to act in respects generally applicable
10  to The Class, thereby making appropriate final and injunctive relief with regard to
11  the members of the California Class as a whole.

12  ### FIRST CAUSE OF ACTION

13  **Negligent Violations of the Telephone Consumer Protection Act**
14  **47 U.S.C. §227 et seq.**

15      25.  Plaintiff repeats and incorporates by reference into this cause of
16  action the allegations set forth above at Paragraphs 1-25.

17      26.  The foregoing acts and omissions of Defendant constitute numerous
18  and multiple negligent violations of the TCPA, including but not limited to each
19  and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

20      27.  As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*
21  *seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory
22  damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

23      28.  Plaintiff and the Class members are also entitled to and seek
24  injunctive relief prohibiting such conduct in the future.

25  ### SECOND CAUSE OF ACTION

26  **Knowing and/or Willful Violations of the Telephone Consumer Protection**
27  **Act**
28  **47 U.S.C. §227 et seq.**

1  29.   Plaintiff repeats and incorporates by reference into this cause of
2  action the allegations set forth above at Paragraphs 1-29.

3  30.   The foregoing acts and omissions of Defendant constitute numerous
4  and multiple knowing and/or willful violations of the TCPA, including but not
5  limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*
6  *seq.*

7  31.   As a result of Defendant's knowing and/or willful violations of *47*
8  *U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of
9  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*
10  *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

11  32.   Plaintiff and the Class members are also entitled to and seek
12  injunctive relief prohibiting such conduct in the future.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff requests judgment against Defendant for the following:

15  **FIRST CAUSE OF ACTION**

16  **Negligent Violations of the Telephone Consumer Protection Act**

17  **47 U.S.C. §227 et seq.**

18  • As a result of Defendant's negligent violations of *47 U.S.C.*
19  *§227(b)(1),* Plaintiff and the Class members are entitled to and
20  request $500 in statutory damages, for each and every violation,
21  pursuant to *47 U.S.C.  227(b)(3)(B)*.

22  • Any and all other relief that the Court deems just and proper.

23  **SECOND CAUSE OF ACTION**

24  **Knowing and/or Willful Violations of the Telephone Consumer Protection**
25  **Act**

26  **47 U.S.C. §227 et seq.**

27  • As a result of Defendant's willful and/or knowing violations of *47*
28  *U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to

1    and request treble damages, as provided by statute, up to $1,500, for

2    each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47*

3    *U.S.C. §227(b)(3)(C)*.

4    • Any and all other relief that the Court deems just and proper.

6    Respectfully Submitted this 9th Day of March, 2018.

8                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

9                    By:  _____

10                        Cynthia Z. Levin, Esq.

11                        Law Offices of Todd M. Friedman

12                        Attorney for Plaintiff